UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |
|---|---|
| HV ASSOCIATES LLC and HARSHI VASHISHT | Civil Action No. 17-8128 (SRC) |
| Plaintiffs, | OPINION & ORDER |
| v. |  |
| PNC BANK, N.A. and ROYAL BANK OF CANADA |  |
| Defendants. |  |

**CHESLER**, District Judge

This matter comes before the Court upon the filing by Defendant PNC Bank, National Association ("PNC") of a motion for reconsideration (Docket No. 35) of this Court's Order, dated March 8, 2018 (Docket No. 30), which denied PNC's motion to dismiss the claim for common law invasion of privacy pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff HV Associates LLC ("HVA") and Plaintiff Harshi Vashisht ("Harshi," collectively "Plaintiffs") oppose this motion (Docket No. 37). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, PNC's motion will be granted, and this Court will dismiss Plaintiffs' common law invasion of privacy claim against PNC.

I.     FACTUAL BACKGROUND

Plaintiff HVA is a staffing services company owned by Plaintiff Harshi and located in Hoboken, New Jersey. Harshi's husband was formerly an executive for Defendant Royal Bank

1

of Canada ("RBC"). In March 2012, RBC began an internal investigation of HVA as well as of Techno-Comp, Inc. ("TCI"), a staffing vendor of RBC. In June 2012, RBC sent Plaintiffs and TCI a "Draft Complaint"—which RBC did not subsequently file in court—in which RBC alleged that Plaintiffs had received fraudulent kickbacks from TCI, in violation of various state laws and contractual obligations. In the Draft Complaint, RBC stated that "bank alert resources" had revealed improper kickback-related transactions in Plaintiff's Business Account at PNC. Plaintiffs allege that the "only way RBC would have known [about TCI-HVA and HVA-Harshi transactions related to HVA's Business Account at PNC] is if PNC shared private banking information with RBC." Am. Compl. ¶ 34.

In the Amended Complaint, Plaintiffs assert several causes of action against PNC that concern this allegedly improper sharing of bank information, including: violation of New Jersey privacy laws under the New Jersey Electronic Fund Transfer Privacy Act (Count I); common law invasion of privacy (Count II); breach of contract (Count III); tortious interference with contract and prospective economic advantage (Count IV); defamation and defamation per se (Count V); trade libel (Count VI); and intentional and/or negligent infliction of emotional distress (Count VII). By Order dated March 8, 2018, this Court dismissed all but the invasion of privacy claim against PNC. For this claim, this Court found that Plaintiffs had alleged sufficient facts to demonstrate a plausible entitlement to relief for the public disclosure of private facts.

## II. LEGAL STANDARD

### a. Motion for Reconsideration

There is no express provision in the Federal Rules of Civil Procedure for reconsideration or reargument of a judicial decision, however Rule 59(e) provides district courts the discretion to "alter or amend" a judgment. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482,

506 (D.N.J. 2002). In the District of New Jersey, Local Civil Rule 7.1 authorizes motions for reconsideration if: (1) there is an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). The grant or denial of reconsideration is a matter within the district court's discretion. Iacono v. Mauger, 2008 WL 2945973, at *1 (D.N.J. July 29, 2008).

A motion for reconsideration is not an appeal, and does not "contemplate a recapitulation of arguments considered by the court before rendering its decision." Interfaith, 215 F.Supp. 2d at 507. Instead, a motion for reconsideration pursuant to Rule 7.1 may only address those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. Fellenz v. Lombard Inv. Corp., 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (internal citations omitted). When ruling on a motion for reconsideration, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error." In re Congoleum Corp., 2010 WL 323416, at *3 (D.N.J. Jan. 21, 2010) (internal citations omitted)

The moving party bears the burden of demonstrating the grounds for reconsideration. Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Where the basis of the motion for reconsideration is to correct a manifest injustice, the party "must persuade the court not only that its prior decision was wrong, but that . . . adherence to the decision would create a manifest injustice." In re Tucker, 2014 WL 11395015, at *2 (D.N.J. Dec. 22, 2014) (internal citations omitted).

### III. DISCUSSION

#### a. This Court will Reconsider Its Order and Dismiss the Common Law Invasion of Privacy Claim Against PNC

At the time it issued its March 8, 2018 Opinion, this Court declined to dismiss Plaintiffs' invasion of privacy claim against PNC as time-barred by the two-year statute of limitations in N.J. Stat. Ann. § 2A:14-2. Plaintiffs had not addressed the issue in their moving papers, and the New Jersey Supreme Court had not ratified or acknowledged the recent New Jersey lower court holding in Smith v. Datla, 451 N.J. Super. 82 (N.J. App. Div. 2017), that such claims are subject to a two-year limitations period. The last New Jersey Supreme Court case to address the limitations periods applicable to various privacy torts, Rumbauskas v. Cantor, 138 N.J. 173 (N.J. 1994), expressly declined to determine the limitations period applicable to public disclosure of private facts as an issue "not before us." As Third Circuit law militates against dismissing claims as time-barred where the bar is not apparent on the face of the complaint, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014), this Court declined to dismiss the claim as time-barred.

Subsequent to PNC's motion to dismiss, Defendant RBC filed its own motion to dismiss pursuant to Rule 12(b)(6). In their opposition papers to RBC's motion, Plaintiffs conceded that the "invasion of privacy by publicly disclosing private facts has a two year statute of limitations." Docket No. 29, 21. In essence, Plaintiffs acknowledged the New Jersey lower court's holding in Smith. In response to RBC's motion, Plaintiffs argued that the invasion of privacy claim was nevertheless not time-barred because the applicable limitations run from 2017, when the information was republished in a third-party lawsuit. Docket No. 29, 25-26. As noted in its April 10, 2018 Opinion, this Court found Plaintiffs' republication argument unavailing and this Court dismissed the invasion of privacy claim against RBC as time-barred by the two-year limitations period.

In their opposition papers to the present motion, Plaintiffs present no arguments why this Court should not reconsider its prior Order in light of Plaintiffs' concession about the appropriate limitations period. In short, Plaintiffs do not controvert that: (1) PNC's alleged invasion of privacy occurred when it "released to RBC private and confidential financial information belonging to Plaintiffs" (Am. Compl. ¶ 56); (2) that the Draft Complaint, which Plaintiffs rely on as evidence of such allegedly improper information sharing, is dated June 1, 2012 (Am. Compl. ¶ 29 ; and that (3) Plaintiffs filed their original complaint in New Jersey state court more than two years later, on September 18, 2017. Docket No. 35, 4. Indeed, these factual allegations and Plaintiffs' concession about the applicable two-year limitations period formed the basis for this Court's Order dismissing this invasion of privacy claim against RBC.

As noted above, reconsideration is appropriate for issues of law which were presented to, but not considered by, the court in making its decision. Fellenz, 400 F. Supp. 2d at 683. At the time this Court rendered its prior decision, Plaintiffs had not conceded, and indeed had not briefed in their moving papers, the limitations period applicable to the public disclosure of private facts. As such, while PNC presented the issue, it was not considered by this Court in its decision. In light of Plaintiffs' subsequent thorough briefing on the limitations issue in their opposition to RBC's motion to dismiss, and their concession regarding the two-year limitations from Smith, the limitations bar is now apparent on the face of the complaint. This Court is satisfied that adherence to its March 8, 2018 Order, which declined to dismiss the invasion of privacy claim as time-barred, would accordingly create a manifest injustice. As such, this Court will reconsider its prior Order and now dismiss Count II of Plaintiffs' Amended Complaint against Defendant PNC.

## IV. CONCLUSION

Accordingly, for the foregoing reasons; and for good cause shown;

**IT IS** on this 4th day of May, 2018;

**ORDERED** that Defendant PNC's motion for reconsideration pursuant to Local Civil Rule 7.1 is **GRANTED**; and further

**ORDERED** that Count II of the Amended Complaint, for common law invasion of privacy, is **DISMISSED WITH PREJUDICE** against Defendant PNC.

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge